IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VAN DIXSON, 13062083, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-CV-4572-N |
| | ) | |
| DALLAS POLICE DEPT., ET AL., | ) | |
|     Defendants. | ) | |

# FINDINGS CONCLUSIONS AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## BACKGROUND

Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are the Dallas Police Department, Dallas Police Chief Brown and the Dallas Police CID.

Plaintiff claims Defendants have provided the media with prejudicial information regarding his pending state criminal cases. He seeks a change of venue for his criminal cases. The Court has not issued process pending judicial screening.

## SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## DISCUSSION

Under the *Younger* abstention doctrine, federal courts must generally refrain from interfering with pending state judicial proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). The Fifth Circuit has determined that *Younger* requires a federal district court to abstain when: (1) the dispute involves an ongoing state judicial proceeding; (2) the state has an important interest in the subject of the proceeding; and (3) the state proceedings afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Court*, 84 F.3d 188, 189 (5th Cir. 1996) (citations omitted).

In this case, there are pending state criminal charges against Plaintiff. The state has an important interest in enforcing its criminal laws. Additionally, the state criminal proceedings afford Plaintiff the opportunity to raise his motion for change of venue in his criminal cases. The Court therefore finds the complaint should be dismissed under abstention.

## RECOMMENDATION

The Court recommends that Plaintiff's complaint be dismissed under abstention.

Signed this 20 day of November, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).